[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to this dissolution action intermarried on May 28, 1966 in New Britain. There are two children of the marriage, both of whom are now adults. The younger child is presently living in the marital home with the plaintiff CT Page 12679 mother. He is employed as a yard boy.
The plaintiff, age 52, suffers from substantial health problems, both physical and mental. She is employed by the State of Connecticut, earning about $519 per week. She has been so employed for eight years and will be eligible for pension rights in two more years. In addition to raising the children, she has been variously employed since 1984. It is conceded that she has been a good wife and mother.
Mr. Provencal is age 57 and is recently retired on two union pensions and on an annuity which yields him a total income of $2,441 per month. He is a trained air conditioner and steamfitter and claims no disabling maladies. He has been a steady worker and monetarily a good provider for the home and family throughout the marriage. He owns property in North Carolina which he paid for with funds inherited by him, and plans to move there soon.
The marriage from its inception in 1966 has been a troubled one. Although the defendant has been satisfactory in the monetary sense, his numerous extra-marital affairs have been a substantial cause of the dissolution. They have prompted the plaintiff on two prior occasions to initiate divorce actions. These she later withdrew because she wished to maintain a stable home for the children. In the course of Mr. Provencal's sexual liaisons, he on two separate instances contracted a venereal disease and in each instance transmitted the same to the plaintiff. On the occasion of the first of these transmittals Mrs. Provencal was in her first pregnancy. In addition, the defendant showed a marked callousness toward his wife insofar as her feelings and sensibilities were concerned. It may be said that his actions served to humiliate and degrade.
In view of the circumstances in this case and also the provisions governing the assignment of property in General Statute 46b-81 and those concerning alimony in General Statute 46b-82 it is felt that an equal distribution of property is not called for.
The defendant in his Reply Brief asserts that because his pensions are already matured, they should not be assigned as property, citing Krafick v. Krafick, 234 Conn. 783. However, it is felt that the fact that the pensions CT Page 12680 are now being paid does not remove them from being classified as "property," within the meaning of the Statute (G.S. 46b-81).
It is not inferred or concluded that Mr. Provencal has deliberately contrived his prospective retirement as a means of minimizing the plaintiff's recovery against him in this dissolution action. However, considering that his age is only 57, that he is in good health and a skilled mechanic, it would not be surprising if he should resume employment at some time in the future. Therefore, as a protection to Mrs. Provencal, an order for nominal alimony is included in the judgment.
The following judgement shall enter:
1. A decree of dissolution of the marriage may enter on the grounds of its irretrievable breakdown.
2. The defendant's interest in the premises at 56 School House Road, Newington shall be transferred to the plaintiff by operation of law. C.G.S. 46B-81.
3. That any interest that the plaintiff may have in 202 Johnson Point Road in North Carolina is extinguished and that she execute whatever documents are necessary to terminate her interest in that property. Accordingly, the defendant shall have the entire property.
4. The plaintiff shall receive by way of arrearage the sum of $1,000.00.
5. That the plaintiff have a 30% interest in the pensions which the defendant is now receiving from both Local 84 (Plumbers and Steamfitters Union) and also the Plumbers and Pipefitters National Pension Fund.
6. That the defendant retain 70% of said pensions as aforesaid; also that he retain the entire annuity which he now receives. Further, that he retain his Vanguard I.R.A., People's Bank I.R.A., his motor home, his two automobiles and any stock holdings he may own.
7. The plaintiff shall retain her automobile, her Aetna account and her Northeast Savings Bank account; and CT Page 12681 that both parties shall be responsible for their respective liabilities.
8. That the plaintiff receive from the defendant $1.00 per year as alimony.
9. As to the personality the court reserves jurisdiction in the event the parties are unable to resolve the matter by themselves.
John M. Alexander State Judge Referee